Janet S. GUTHRIE, Plaintiff,

v.

BLUE RIDGE SAVINGS
BANK, Defendant.

No. CIV.1:00CV92.

United States District Court,
W.D. North Carolina,
Asheville Division.

Aug. 4, 2000.

Janet S. Guthrie, Asheville, NC, Pro se.

William A. Parker, Long, Parker & Warren, P.A., Asheville, NC, for Defendant.

---

1. Plaintiff did not object to the Magistrate Judge's recommendation that her claims for

*MEMORANDUM AND ORDER
OF DISMISSAL*

THORNBURG, District Judge.

■ **THIS MATTER** is before the Court on the Plaintiff's timely filed objections to the Memorandum and Recommendation of United States Magistrate Judge Max O. Cogburn, Jr. Pursuant to standing orders of designation and 28 U.S.C. § 636, the undersigned referred the Defendant's motion to dismiss to the Magistrate Judge for a recommendation as to disposition. Having conducted a *de novo* review to those portions of the recommendation to which specific objections were filed, the undersigned dismisses the action.[1] 28 U.S.C. § 636(b); Fed.R.Civ.P. 72.

Plaintiff has also moved for the recusal of the Magistrate Judge and for leave to amend her complaint.

## I. PROCEDURAL HISTORY

In 1997, Plaintiff sued the Defendant in *Guthrie v. Blue Ridge Savings Bank,* Civil No. 1:97cv353, alleging she had been demoted based on her gender. In February 2000, the Magistrate Judge dismissed that action finding that Plaintiff could not make out a *prima facie* case of discrimination because she was not performing her job satisfactorily at the time of the demotion. On May 22, 2000, the United States Court of Appeals for the Fourth Circuit affirmed that decision.

On April 28, 2000, Plaintiff initiated this suit against Blue Ridge, claiming that she was placed on administrative leave and ultimately terminated in retaliation for filing a charge against the Bank. Defendant promptly moved to dismiss on various grounds.

## II. STATEMENT OF FACTS

On December 27, 1999, Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) in which

conspiracy be dismissed. As a result, the undersigned adopts that recommendation.

she alleged (1) that she had filed an EEOC charge in February 1997 which resulted in litigation; (2) on December 20, 1999, she filed a motion in federal court in connection with that litigation; (3) on December 21, 1999, she was placed on administrative leave; and (4) on February 15, 2000, she received written notification that she had been discharged. **Exhibit B** *attached to* **Plaintiff's Motion to Amend Complaint**. She claimed these actions were taken because of her 1997 EEOC charge which led to the lawsuit dismissed on February 4, 2000. *Id.* The allegations of her complaint reiterate these claims.

### III. DISCUSSION

■ In this complaint, Plaintiff alleges numerous claims which predate 180 days prior to the filing of the December 27, 1999, EEOC complaint. These factual contentions may not be addressed because they exceed that 180 period. *Tinsley v. First Union Nat'l Bank,* 155 F.3d 435 (4th Cir.1998).

To establish a prima facie case of retaliation under Title VII, a plaintiff is required to prove (1) that she engaged in a protected activity; (2) that an adverse employment action was taken against her; and (3) that there was a causal connection between the first two elements. . . . It is undisputed that [Plaintiff] engaged in protected activity when she filed her discrimination charge with the EEOC. . . . It is also undisputed that an adverse employment action taken against [her]. . . . To satisfy the third element, the employer must have taken the adverse employment action *because* the plaintiff engaged in a protected activity. . . . [O]ver three years lapsed between the protected activity and the adverse employment action. . . . A lengthy time lapse between the employer becoming aware of the protected activity and the alleged adverse employment action, as was the case here, negates any inference that a causal connection exists between the two. Indeed, were this not the case, an employee could guarantee his job security simply by filing a frivolous complaint with the EEOC on the first day of work. Title VII was not enacted to guarantee tenure in the workplace.

*Dowe v. Total Action Against Poverty,* 145 F.3d 653, 656–57 (4th Cir.1998) (internal citations omitted); *accord, Tinsley, supra; Shabica v. Engineering Sales Assoc. of the Southeast, Inc.,* 172 F.3d 864 (table), 1999 WL 17819 (4th Cir.1999) **(Seven month lapse in time between filing of EEOC charge and termination negates any causal connection.).** Here, the Defendant knew of Plaintiff's EEOC charge from the beginning of 1997; indeed, it was involved in litigation with her at the time she was placed on administrative leave almost three years later. Under these circumstances, the undersigned concludes the Plaintiff cannot make out a *prima facie* case of retaliatory discharge. Because amendment of the complaint would be futile, the Plaintiff's motion to amend is denied.

### IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's motion for recusal of the Magistrate Judge is hereby **DENIED** as moot;

**IT IS FURTHER ORDERED** that the Plaintiff's motion to amend is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the Defendant's motion to dismiss is hereby **GRANTED**, and this matter is hereby **DISMISSED** in its entirety.

### MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the court upon the following:

(1) Motion of Defendant to Dismiss Pursuant to Rule 12(b)(1) and Motion to Strike Pursuant to Rule 12(f) (42 U.S.C. § 1983);

(2) Motion of Defendant to Dismiss Pursuant to Rule 12(b)(1) and Rule 12(b)(6) (SCOPE);

(3) Motion of Defendant to Dismiss Pursuant to Rule 12(b)(6) and Motion to Strike Certain Portions of the Complaint Pursuant to Rule 12(f) (TIMELINESS);

(4) Motion of Defendant to Dismiss Pursuant to Rule 12(b)(6) (RES JUDICATA AND COLLATERAL ESTOPPEL); and

(5) Motion of Defendant to Dismiss Claim Pursuant to Rule 12(b)(6) (CIVIL CONSPIRACY).

The court notes that the above-numbered motions appear to be individual briefs in support of a more general motion captioned "Motions of Defendant, Blue Ridge Savings Bank, Inc." The numbered motions are attached to the general pleading, but are not stamp-filed separately. Plaintiff timely filed a one-and-a-half page response. No party has provided the court with a brief statement of facts or issues.

## I. Standard Applicable to Motions to Dismiss

Defendant has moved for dismissal pursuant to Rule 12(b), Federal Rules of Civil Procedure, contending that plaintiff has failed to state a cognizable claim. Rule 12(b) authorizes dismissal based upon a dispositive issue of law. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989); *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). As the Court discussed in *Neitzke:*

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts ... a claim must be dismissed, without regard to whether it is based on outlandish legal theory .... What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

*Id.,* at 1832 (citation omitted). For the limited purpose of making a recommendation as to disposition of defendant's motion, the undersigned has accepted as true the facts alleged by plaintiff in the complaint and viewed them in a light most favorable to plaintiff.

## II. Factual and Procedural Background

This is plaintiff's second civil action concerning her employment with defendant. In the first action, in which plaintiff claimed gender-based demotion in violation of Title VII of the Civil Rights Act, the undersigned entered a Memorandum of Decision and Judgment, holding, in relevant part, as follows:

> Even if this court were to assume that plaintiff was performing her contractual duties in a satisfactory manner at the time of her demotion (which the court does not find), plaintiff cannot show the requisite disparate treatment under the fourth element of a *prima facie* case. The record is undisputed that Mr. Taylor, after meeting with bank regulators, took immediate action to correct the problem, which was two pronged-a personnel action and substantive changes in the bank's practices concerning the origination and approval of in-house loans. While Mr. Taylor clearly demoted plaintiff based upon her work, he immediately suspended and very quickly obtained the *resignation* of the male supervisory employee (the bank president) who approved the mishandled loans. Taking the analysis even further, plaintiff was not replaced by a male, but by a female; further, she was later offered her old position, with a modification to avoid the problems which arose from her originating in-house loans.
>
> If there existed different treatment, it clearly was that plaintiff received more favorable and lenient treatment than her male supervisor. Indeed, there is no

evidence that gender played any role in the decision to demote plaintiff; instead, the only inference which can be garnered from the facts of record is that Hayes Martin received a harsher penalty because he was ultimately responsible for the result of plaintiff's work—approved loans. More favorable treatment is not actionable.

\* \* \* \* \* \*

The court finds that plaintiff has failed to establish a *prima facie* case of gender discrimination and that judgment must be entered for the defendant. Although she has proceeded *pro se* in the latter part of this litigation, the court finds that plaintiff has ably presented her position. The case law, however, is antithetical to her contentions and provides that the burdens cannot be satisfied through conclusory allegations and speculation as to an employer's motivations.

Plaintiff appealed that decision, which was affirmed by the Court of Appeals for the Fourth Circuit. *Guthrie v. Blue Ridge Savings Bank, Inc.,* No. 97–351–1–C.

After summary judgment motions were filed in the prior case, but before decision issued, defendant allegedly terminated plaintiff's employment. Plaintiff challenged that action by filing a claim of retaliation with the Equal Employment Opportunity Commission (EEOC) on December 27, 1999. While plaintiff attached a copy of her "Right–to–Sue" letter to her complaint in the instant case, neither party has provided the court with a copy of the charge of discrimination.[1] In the present complaint, plaintiff sets forth two causes of action—Count One, "Retaliation," and Count Two, "Civil Conspiracy." In support of those claims, plaintiff has re-alleged facts and issues which were resolved in the prior action. Additionally, plaintiff appears to assert a claim for intentional infliction of emotional distress within her first cause of action for "Retaliation."

## III. Discussion

As a preliminary matter, plaintiff, in her response to defendant's motion to dismiss the instant case, takes issue with this court's decision in the first action to deny her request(s) to amend her complaint to allege a claim for retaliation. That case has been finally resolved, and the reasons therein given for denying such relief are law of that case and not subject to further review.[2]

As to plaintiff's claim of retaliation herein, a plaintiff may allege a case of retaliation for engaging in protected activity by employing a "*McDonnell Douglas* scheme." *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *McNairn v. Sullivan,* 929 F.2d 974, 980 (4th Cir.1991). To state a cause of action for retaliation, plaintiff would have to allege the following:

(1) she engaged in protected activity;

(2) she was subjected to an adverse employment action; and

(3) a causal relationship exists between the first two elements.

*See also Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) (shifting burden scheme applicable at proof stage). Plaintiff has alleged that she engaged in a protected activity (the filing of the original charge and first civil action) and was thereafter subjected to an adverse employment action (being placed on administrative leave). *See* Complaint, ¶¶ 3–4, 15. Plaintiff contends that her placement on administrative leave on December 27, 1999, was the direct result of her having filed a motion for summary judgment in the first action on December 20, 1999. She further alleges that after this court entered judgment against her on February 4, 2000, the defendant fired her on February 15, 2000. Complaint, ¶ 16.

---

1. Failure to provide the court with a copy of the charge of discrimination makes it difficult to determine whether the complaint exceeds the scope of the charge.

2. Plaintiff's first request was denied for lack of exhaustion, and her second request was untimely, inasmuch as it was made after judgment had been entered.

Reading the complaint in a light most favorable to plaintiff, she has attempted to allege two causes of action for retaliation. The first is based upon the alleged adverse action of placing her on administrative leave following her filing of a motion for summary judgment, and the second is based upon her termination following entry of judgment against her.

Where an alleged act of retaliation is taken by an employer during the pendency of an Title VII claim, the claim for retaliation is "subsumed" into the original administrative complaint, and the complainant need not file a separate administrative complaint, but may go directly to federal court with the original and subsumed claims upon exhaustion of that administrative remedy. *Nealon v. Stone,* 958 F.2d 584 (4th Cir.1992); *Jones v. Runyon,* 91 F.3d 1398 (10th Cir.1996). In *Jones,* the appellate court held that jurisdiction existed to hear an ancillary claim of retaliation only when the main administrative charge of employment discrimination was properly before the court. The *Jones* court explained the logic of this reasoning:

> While an ancillary claim of retaliation "does not require that the plaintiff prevail on the underlying claim of discrimination," ... such a claim does require that the plaintiff satisfy all jurisdictional prerequisites with respect to the underlying claim of discrimination when, as here, the retaliation claim suffers the defect of non-exhaustion and jurisdiction is sought to be maintained as ancillary jurisdiction.

*Id.,* at 1402 (citation omitted).

In this case, plaintiff's first claim for retaliation has been properly exhausted, as evidenced by the "Right–to–Sue" letter issued January 31, 2000, which is attached to plaintiff's complaint. As to the claim for retaliatory discharge on February 15, 2000, it does not appear to the undersigned that it has been presented to the EEOC or that it arose during the pendency of plaintiff's December 27, 1999, charge of discrimination. To that end, plaintiff has stated only a cause of action for retaliation

based upon the December 21, 1999, administrative leave. Further, any allegations of retaliation or discrimination that precede December 27, 1999, by more than 180 days should be stricken as time barred.

While not set out by plaintiff in a separate count, it appears to the undersigned that in paragraph 18 of the Complaint, she is attempting to allege a claim for intentional infliction of emotional distress based upon the same reasons that would support her claim for retaliation. The elements of the tort are "(1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress." *Hogan v. Forsyth Country Club,* 79 N.C.App. 483, 488, 340 S.E.2d 116, *disc. rev. denied,* 317 N.C. 334, 346 S.E.2d 140 (1986). While alleging "humiliation, loss of dignity, stress and damage to professional reputation and career," plaintiff has not alleged that she suffered severe emotional distress. She, therefore, has not stated a cause of action of intentional infliction of emotional distress, and reference to such a cause of action in Count One should be stricken.

Plaintiff has attempted to allege in Count Two a cause of action for "Civil Conspiracy." The only defendant in this action is defendant corporation, and it has long been held that a corporation cannot conspire with itself. In response, plaintiff requests leave to amend the complaint to bring in the individual officers and board members of the defendant so that she may properly allege a conspiracy. A claim of conspiracy cannot be founded upon the acts of several employees within the same corporation, for a corporation can only act through its employees and, therefore, does not conspire with itself. The intracorporate-conspiracy doctrine stems from an antitrust case based upon an alleged conspiracy between a corporation, its officers, employees, and agents. In dismissing that action, the appellate court held, as follows:

> It is basic in the law of conspiracy that you must have two persons or enti-

ties to have a conspiracy. A corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation. 200 F.2d at 914.

*Nelson Radio & Supply Co. v. Motorola, Inc.,* 200 F.2d 911 (5th Cir.1952), *cert. denied,* 345 U.S. 925, 73 S.Ct. 783, 97 L.Ed. 1356 (1953). Plaintiff's "Count Two—Civil Conspiracy" should, therefore, be dismissed.

Defendant also points out that, inasmuch as it is not a state actor, plaintiff's attempt to bring this action under 42, United States Code, Section 1983, is improper. Section 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

It appearing that no allegation is made that defendant acted under color of state law,[3] plaintiff's references to Section 1983 should be stricken from the complaint as surplusage.

Finally, defendant appears to seek dismissal of the entire complaint based upon *res judicata* and *collateral estoppel.* Defendant's motion is general in its arguments that the "1997 action, necessarily involved a decision as to at least some of the issues Plaintiff now attempts to litigate in the above-captioned case." Motion of Defendant to Dismiss Pursuant to Rule 12(b)(6) (RES JUDICATA AND COLLATERAL ESTOPPEL), (pages not numbered). It is clear that plaintiff is not entitled to reassert issues resolved in the earlier litigation; however, as discussed above by the appellate court in *Jones,* success on the underlying claim of discrimination is *not* necessary in order for a plaintiff to bring a claim of retaliation.

If the district court accepts this recommendation, the scope of *this* action will be limited to whether (1) placement on administrative leave is an adverse action and (2) a causal relationship exists between the alleged adverse employment action and the protected activity. It has already been determined that plaintiff was not subjected to gender discrimination—an issue that cannot be relitigated.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that the Motion of Defendant to Dismiss Pursuant to Rule 12(b)(1) and Motion to Strike Pursuant to Rule 12(f) (42 U.S.C. § 1983); Motion of Defendant to Dismiss Pursuant to Rule 12(b)(1) and Rule 12(b)(6) (SCOPE); Motion of Defendant to Dismiss Pursuant to Rule 12(b)(6) and Motion to Strike Certain Portions of the Complaint Pursuant to Rule 12(f) (TIMELINESS); Motion of Defendant to Dismiss Pursuant to Rule 12(b)(6) (RES JUDICATA AND COLLATERAL ESTOPPEL); and Motion of Defendant to Dismiss Claim Pursuant to Rule 12(b)(6) (CIVIL CONSPIRACY) be **DENIED** in part and **GRANTED** in part, as follows:

> (1) plaintiff's cause of action for Civil Conspiracy, "Count Two," be **DISMISSED WITH PREJUDICE** for failure to state a cognizable claim;

> (2) plaintiff's claim for Intentional Infliction of Emotional Distress, which appears within the text of Count One, be

---

**3.** Plaintiff does allege that defendant summoned four police and sheriff's department cruisers to the bank at which she was located when it placed her on administrative leave. Complaint, at ¶ 15. The summoning of police is not sufficient to invoke Section 1983; if it were otherwise, every "spite" warrant sought by a citizen would lead to a federal civil action.

DISMISSED for failure to state a cause of action;

(3) plaintiff's "Count One—Retaliation" claim only be allowed to proceed forward based on the alleged adverse act of placing plaintiff on administrative leave December 21, 1999, and that all alleged acts of retaliation that did not occur with 180 days immediately preceding the filing of the December 27, 1999, charge of discrimination be STRICKEN as untimely;

(4) that plaintiff's second claim for retaliation, which is also contained within Count One and is based upon her termination on February 15, 2000, be DISMISSED without prejudice for failure to exhaust administrative remedies; and

(5) references to 42, United States Code, Section 1983 contained in the complaint be STRICKEN as surplusage.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within ten (10) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied,* 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *United States v. Schronce,* 727 F.2d 91 (4th Cir.), *cert. denied,* 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984).

This Memorandum and Recommendation is entered in response to (1) Motion of Defendant to Dismiss Pursuant to Rule 12(b)(1) and Motion to Strike Pursuant to Rule 12(f) (42 U.S.C. § 1983); (2) Motion of Defendant to Dismiss Pursuant to Rule 12(b)(1) and Rule 12(b)(6) (SCOPE); (3) Motion of Defendant to Dismiss Pursuant to Rule 12(b)(6) and Motion to Strike Certain Portions of the Complaint Pursuant to Rule 12(f) (TIMELINESS); (4) Motion of Defendant to Dismiss Pursuant to Rule 12(b)(6) (RES JUDICATA AND COL-LATERAL ESTOPPEL); and (5) Motion of Defendant to Dismiss Claim Pursuant to Rule 12(b)(6) (CIVIL CONSPIRACY).