PUBLISH

UNITED STATES COURT OF APPEALS

Filed 7/31/96

TENNTH CIRCUIT

JANET JONES,

      Plaintiff-Appellant,

v.

MARVIN T. RUNYON, Postmaster
General, United States Postal Service,

      Defendant-Appellee.

No. 95-6130

**Appeal from the United States District Court
for the W.D. Okla.
(D.C. No. CV-92-1674-C)**

Lewis Barber, Jr. of Barber & Marshall, Oklahoma City, Oklahoma, for Plaintiff-Appellant.

Lori J. Dym, Attorney, United States Postal Service, Kay Sewell, Assistant United States Attorney, Oklahoma City, Oklahoma (Vicki Miles-LaGrange, United States Attorney, Oklahoma City, Oklahoma, R. Andrew German, with them on the briefs), for Defendant-Appellee.

Before **SEYMOUR**, Chief Judge, **TACHA**, and **EBEL**, Circuit Judges.

**EBEL**, Circuit Judge.

      Plaintiff Janet Jones appeals an order of the district court granting

defendant's motion to dismiss this Title VII action. The district court concluded

that it lacked jurisdiction over the action because Jones had failed to exhaust her administrative remedies.  We affirm.

Exhaustion of administrative remedies is a "jurisdictional prerequisite" to suit under Title VII.  Sampson v. Civiletti, 632 F.2d 860, 862 (10th Cir. 1980).[1]

---

[1]    Subsequent to our decision in Sampson, the Supreme Court in Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982) held that a timely filing before the EEOC was not jurisdictionally required to maintain suit in the district court. 455 U.S. at 393.  Several circuits have concluded that the Zipes holding should be extrapolated to include that there is no jurisdictional requirement for any filing before the EEOC, but rather that the prerequisite of EEOC filing should be viewed merely in the nature of a condition precedent or an affirmative defense that can be waived if it is not asserted by the defendant.  See, e.g., Temengil v. Trust Territory of Pacific Islands, 881 F.2d 647, 654 (9th Cir. 1989) (relying on Zipes and holding that "[p]ursuit of administrative remedies is a condition precedent to a Title VII claim.  The requirement, however, is not jurisdictional."), cert. denied, 496 U.S. 925 (1990); Womble v. Bhangu, 864 F.2d 1212, 1213 (5th Cir. 1989) (holding that the district court erred in concluding it lacked subject matter jurisdiction over plaintiff's Title VII claims where she failed to exhaust her administrative remedies with the EEOC, and concluding that, in light of Zipes, the district court "did no more than determine that her Title VII claim was barred; not that the court lacked jurisdiction of it"); Jackson v. Seaboard Coast Line R. Co., 678 F.2d 992, 1005 (11th Cir. 1982) ("[T]he filing of an EEOC charge is not a jurisdictional prerequisite" to a Title VII suit in federal court.); but see Davis v. North Carolina Dep't of Correction, 48 F.3d 134, 137-39 (4th Cir. 1995) (before a federal court may assume jurisdiction over a claim under Title VII, a claimant must exhaust administrative procedures); Bullard v. Sercon Corp., 846 F.2d 463, 468 (7th Cir. 1988) ("Title VII's requirement that the plaintiff exhaust the administrative remedies provided by the statute is jurisdictional; that is, a court is obligated to enforce the requirement even if the defendant has overlooked it."); Hrivnak v. First Michigan Corp., 617 F. Supp. 990, 991-92 (E.D. Mich. 1985) (holding that the court lacked jurisdiction where plaintiff did not file a charge with the EEOC or pursue administrative remedies before filing suit and distinguishing Zipes because the plaintiff there failed only to meet the statutory time limit, a provision separate from the jurisdictional provision).

(continued...)

We review de novo the district court's dismissal of an action for lack of subject

matter jurisdiction. Weiss v. United States, 889 F.2d 937, 938 (10th Cir. 1989);

see also Vinieratos v. United States Dep't of Air Force, 939 F.2d 762, 767-68 (9th

_____

[1](...continued)
        Nevertheless, even after Zipes our court has referred to the requirement of
an EEOC filing (as opposed to a mere requirement of a timely filing) as a
jurisdictional requirement. See e.g., Knopp v. Magaw, 9 F.3d 1478, 1479 (10th
Cir. 1993) ("In the Tenth Circuit, administrative '[e]xhaustion is a jurisdictional
prerequisite to suit under 42 U.S.C. § 2000e-16.'"); Khader v. Aspin, 1 F.3d 968,
970 (10th Cir. 1993) (stating that "'exhaustion of administrative remedies is a
jurisdictional prerequisite' to instituting a Title VII action in federal court"); Hill
v. Ibarra, 954 F.2d 1516, 1522 (10th Cir. 1992) (citing Sampson for the
proposition that "failure to exhaust administrative remedies as required by 42
U.S.C. § 2000e-16 precludes enforcement of rights created under Title VII");
Johnson v. Orr, 747 F.2d 1352, 1356 (10th Cir. 1984) ("The Tenth Circuit has
held that exhaustion of administrative remedies is a jurisdictional prerequisite to
suit under § 2000e-16."); Harbison v. Goldschmidt, 693 F.2d 115, 118 (10th Cir.
1982) (with respect to a Title VII action, "[t]he consistency as to *issues* or claims
in the agency and the court is also an aspect of the required exhaustion of
administrative remedies which is treated as a jurisdictional matter"); but see
United States v. Woods, 888 F.2d 653, 654 (10th Cir. 1989) (dicta contained in a
parenthetical characterizing Zipes as standing for the proposition that "exhaustion
of administrative remedies is not [a] jurisdictional prerequisite to [a] Title VII
suit but [is] merely [a] condition precedent subject to waiver and estoppel"), cert.
denied, 494 U.S. 1006 (1990).
        Because one panel cannot overturn the decision of a prior panel, we are
bound by our prior Tenth Circuit authority. In re Smith, 10 F.3d 723, 724 (10th
Cir. 1993), cert. denied, 115 S. Ct. 53 (1994). In any event, the distinction
between whether a prior EEOC filing is a jurisdictional requirement or a non-
jurisdictional condition precedent that can be waived is immaterial with respect to
Jones' underlying claim for sex discrimination. The defendant here, in its motion
to dismiss, unequivocally asserted Jones' failure to assert that claim before the
EEOC, and thus there was no waiver by this defendant of that defense, even if it is
considered to be a non-jurisdictional defense. The district court dismissed the
underlying claim for sex discrimination on this basis, and as pointed out in the text, we
find no error in that ruling.

Cir. 1991) (whether claimant has exhausted his administrative remedies is a question of law reviewable de novo).

Jones, as an employee of the United States Postal Service, filed a complaint of sex discrimination with the Postal Service on September 4, 1990. After the Postal Service rendered its "Final Agency Decision" of no discrimination, Jones appealed to the United States Equal Employment Opportunity Commission (EEOC). The EEOC likewise found that Jones had not been subjected to unlawful discrimination. Jones then filed this action against the Postal Service in the United States District Court for the Western District of Oklahoma. The district court found, however, that the issues raised in Jones' complaint had not been raised before the EEOC, and therefore had not been administratively exhausted. "[W]hen an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge . . . ." Ingels v. Thiokol Corp., 42 F.3d 616, 625 (10th Cir. 1994) (quotations omitted). Therefore, we examine both Jones' original charge to the EEOC and her federal court complaint to determine whether the issues she raised to the district court were both new and unrelated to her EEOC charges, thus defeating the court's jurisdiction over her action.

In her formal EEOC complaint, Jones alleged her rights had been violated because another woman for whom the supervisor professed love was promoted instead of her, and she alleged that the other woman had submitted to sexual advances from that supervisor. The supervisor was one of three officials having input in the promotion decision. Jones asserted she was discriminated against because she was denied the promotion even though she was qualified. Jones later notified the EEOC that she was not complaining of sexual discrimination because she was a female, but rather discrimination based on the relationship between the supervisor and the woman who was promoted.[2] The EEOC found that while Jones had included a statement in her affidavit that the supervisor made a remark to her on an unspecified date that she interpreted to be a sexual advance, that allegation was not raised in her formal complaint, which concerned only the promotion of another woman. Thus, any suggestion of personal sexual harassment was not timely raised before the EEOC and therefore it would not be considered. The EEOC framed Jones' issue as being "whether [Jones] has established that she was discriminated against on the basis of sexual harassment when she was nonselected for promotion . . . ." Plaintiff's App. at 264.

---

[2]    Specifically, Jones told the EEOC, "The type of harassment you have listed is sex-female, this is incorrect. I was not discriminated against because of being female. I was discriminated against because of a relationship between Carl Noblit [the supervisor] and Alice Kilgore [the employee with whom Noblit had a romantic relationship]." Plaintiff's App. at 175 (emphasis added).

In the district court, Jones changed her complaint to allege that submission "to unwelcome sexual advances from supervisors was a condition precedent to promotion." Id. at 108. Jones alleged that she had refused the sexual overtures of her supervisor, which occurred two weeks prior to the promotion interview. She concluded that she was not selected because of her refusal and because the supervisor had instead selected another woman who had not "openly rebut[ted]" his sexual demands. Id. at 107. She alleged the supervisor also failed to disclose information adverse to the selected woman which would have prohibited her promotion if revealed.

The district court granted defendant's motion to dismiss, holding that Jones had not exhausted her administrative remedies. The court held that in the district court Jones was alleging quid pro quo sexual harassment and the existence of a hostile work environment, issues she had not raised to the EEOC. We agree. Jones specifically stated to the EEOC that she was not claiming she personally was subjected to sexual harassment. She, therefore, explicitly abandoned that issue and, thus, failed to exhaust it before the EEOC. Exhaustion of administrative remedies is required before a plaintiff may bring a federal action. Sampson, 632 F.2d at 862.[3]

_____

[3] As discussed above, Jones' claim before the EEOC was not that she was discriminated against because of her sex, but that she was discriminated

(continued...)

Jones also alleged in the district court that defendant retaliated against her

for filing her EEOC complaint. The alleged retaliatory acts included not giving

her a step increase as required by personnel policies and practices and, ultimately,

suspending her. We note that although the retaliation claim was not brought

before the EEOC, this fact is not necessarily dispositive. "[A]n act committed by

an employer in retaliation for the filing of an EEOC complaint is reasonably

related to that complaint, obviating the need for a second EEOC complaint."

Ingels, 42 F.3d at 625 (quotations omitted). The issue here, however, is whether

Jones' retaliation claim was properly before the court where the court had no

underlying claim on the merits properly before it. In other words, may a party

bring an action for retaliation which has not been exhausted before the EEOC,

---

[3](...continued)
against "because of a relationship between [her supervisor] and [a co-worker]." To the extent Jones reasserts this claim on appeal, independent of her quid pro quo and hostile environment claims argued in the district court, we do not reach it because it was not argued before the district court. See Federal Deposit Ins. Corp. v. Bachman, 894 F.2d 1233, 1235 (10th Cir. 1990). The district court found that Jones was not claiming in the district court that a "romantic relationship between others in the workplace resulted in the unfair non-selection of [Jones] for a promotion." Indeed, the district court observed that "plaintiff clarified that this was not her claim." District Court Order at 1 (emphasis added); see also id. at 3. Rather, the district court concluded that Jones was alleging "quid pro quo sexual harassment and the existence of a hostile work environment," id. at 1, and that her allegations regarding the alleged romantic relationship were made only in support of these claims, see id. at 1-2. Jones has not objected to this characterization of her claims. Finally, we likewise do not reach Jones' claim on appeal that the EEOC inadequately investigated her claims during its administrative review because this issue was not raised below.

when the underlying Title VII violation claim similarly was not exhausted before the EEOC and thus, even the underlying claim was not properly before the court?[4] We answer in the negative.

When a party brings a claim of retaliation in conjunction with a Title VII claim, the party asks the court to exercise ancillary jurisdiction[5] over the retaliation claim. See Gupta v. East Tex. State Univ., 654 F.2d 411, 413-14 (5th Cir. 1981) (district court has ancillary jurisdiction to hear retaliation claim growing out of earlier charge of Title VII violation). We have held that a court has jurisdiction over ancillary claims "so long as the court has jurisdiction of the main claim between the original parties." King Fisher Marine Serv., Inc. v. 21st Phoenix Corp., 893 F.2d 1155, 1158 (10th Cir.), cert. denied, 496 U.S. 912 (1990); see also First Golden Bancorporation v. Weiszmann, 942 F.2d 726, 731

---

[4]    We here address only the issue as framed. If Jones' underlying claim were properly before the court, the court could address the retaliation claim regardless of whether she prevailed on her underlying claim. See Ingels, 42 F.3d at 625 n.8.

[5]    The principle of ancillary jurisdiction "recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." Kokkonen v. Guardian Life Ins., 114 S. Ct. 1673, 1676 (1994); see also Sandlin v. Corporate Interiors Inc., 972 F.2d 1212, 1216 (10th Cir. 1992) (ancillary jurisdiction is based on the premise that a court may exercise jurisdiction to decide matters incident to the disposition of a dispute properly before it even though it would not otherwise have jurisdiction over the matters) (citing 6 Charles A. Wright et al., Federal Practice & Procedure § 1444 at 316-17 (2d ed. 1990)).

(10th Cir. 1991) (if jurisdictional prerequisites are satisfied when the suit originates, subsequent events will not defeat jurisdiction).

Thus, a court has jurisdiction to hear an ancillary claim of retaliation only when the main administrative charge is properly before the court. See Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 479 (5th Cir. 1991) (because one of plaintiff's ADEA claims was untimely and the other had not been presented first to the EEOC, claims were not properly before the court and retaliation charge had "no charge on which to attach itself," therefore, court had no jurisdiction over retaliation claim); Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 762 (11th Cir. 1995) (because underlying age discrimination claim was untimely and because plaintiff did not move to amend complaint until after pretrial order entered, court did not abuse its discretion in denying retaliation amendment); cf. Gottlieb v. Tulane Univ., 809 F.2d 278, 284 (5th Cir. 1987) (because plaintiff's initial Title VII claim was properly before the court, court had ancillary jurisdiction over retaliation claim). While an ancillary claim of retaliation "does not require that the plaintiff prevail on the underlying claim of discrimination," Ingels, 42 F.3d at 625 n.8, such a claim does require that the plaintiff satisfy all jurisdictional prerequisites with respect to the underlying claim of discrimination when, as here,

the retaliation claim suffers the defect of non-exhaustion and jurisdiction is sought to be maintained as ancillary jurisdiction.[6]

The judgment of the United States District Court for the Western District of Oklahoma is **AFFIRMED**.[7]

_____

[6]      The distinction between characterizing the EEOC filing requirement as either jurisdictional or as a non-jurisdictional affirmative defense could have an impact on our ruling regarding Jones' retaliation claim.  As pointed out above, we are obligated to consider this requirement as jurisdictional by our prior precedent, and thus our analysis of Jones' retaliation claim proceeded accordingly.  If, however, we were to conclude that the filing requirement is non-jurisdictional, then the district court would have had ancillary jurisdiction to consider the non-exhausted retaliation claim.  See Ingels, 42 F.3d at 625.

[7]      Because of our decision here, we need not reach Jones' claim of entitlement to a trial by jury.