107 F.3d 923
 323 U.S.App.D.C. 290
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Fred STALLWORTH, Appellant,
v.
Robert B. REICH, In His Official Capacity as Secretary,
United States Department of Labor, Appellee.
 No. 95-5268.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 07, 1997.
 
 Before: SENTELLE, RANDOLPH, and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal from the district court, having been briefed and argued, warrants only an abbreviated disposition pursuant to D.C.CIR.R. 36(b). The appeal concerns whether the district court properly granted the Secretary's motion for summary judgment of Stallworth's claims of race, age, color, and sex discrimination, and retaliation. In its July 19, 1995, Order, the district court ruled that Stallworth's claims were untimely, and that he failed to exhaust his administrative remedies.
 
 
 2
 In September 1987, Stallworth, a Program Analyst at the Department of Labor's Employment and Training Administration, applied for an assignment under the Intergovernmental Personnel Act to the Dade County Department of Human Resources in Miami, Florida. Under the "transfer agreement" that he signed on October 7, 1987--but that the Department of Labor ("the Department") did not--he was to receive per diem and travel benefits in the sum of $14,717 for his one-year stay in Florida. On October 27, 1987, the Department did reach an agreement with Stallworth. The Government claims that the October 27, 1987, agreement eliminated the per diem benefits. Stallworth claims that it did not; that it awarded the same travel benefits as the earlier document; and that the Department unilaterally inserted new terms into the October 27, 1987, agreement after he signed it.
 
 
 3
 Stallworth inquired about the reasons for what he considered alterations to the agreement--alleged alterations that disallowed per diem benefits. He exchanged correspondence with the Department regarding this matter through the middle of 1989. For example, in his July 22, 1988, letter to David O. Williams, Administrator of the Employment and Training Administration, Stallworth stated: "I still have not been told why I am not receiving the per diem, or of the reasons that I won't be receiving it." On September 9, 1988, the Department's Director of Office of Management Support replied that the awarding of per diem expenses "is not obligatory," and that the "travel authorization" of October 27, 1987, which did not include the per diem expenses, "reflects the expenses authorized by this agreement."
 
 
 4
 Stallworth asserts that he did not know that he was finally being denied these benefits until a July 28, 1989, meeting with Williams' assistant, Sidney Waldstreicher, who told Stallworth that "Williams had instructed him to state that the time" Stallworth "spent in Miami was a 'bad dream and that it never happened.' " Brief for Appellant at 11 (filed Oct. 2, 1996). Stallworth claims that through "the words and actions of Mr. Waldstreicher ... it became clear to" him "that he had not merely been caught in a bureaucratic quagmire" and that "he had been discriminated against through the denial of his full per diem." Id. Stallworth met with an Equal Employment Opportunity counselor and filed an informal complaint on August 16, 1989.
 
 
 5
 Under then-existing regulations for race, age, color and sex discrimination brought by federal employees, an agency could only accept a complaint for processing if the "complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him/her to believe he/she had been discriminated against within 30 calendar days of the date ... that the aggrieved person knew or reasonably should have known of the discriminatory event or personnel action." 29 C.F.R. § 1613.214(a)(1)(i) (1995). That same section required an agency to "extend the time limits in this section when the complainant shows that he/she was not notified of the time limits and was not otherwise aware of them, was prevented by circumstances beyond the complainant's control from submitting the matter within the time limits; or for other reasons considered sufficient by the agency." Id. § 1613.214(a)(4) (1995). "The agency head or designee shall reject or cancel a complaint" that "is filed untimely, unless the agency extended the time limits in accordance with" the aforementioned section. Id. § 1613.215(a)(4) (1995).
 
 
 6
 In light of the September 9, 1988, letter discussed above, Stallworth, by at least that time "reasonably should have known of the" alleged "discriminatory event or personnel action." 29 C.F.R. § 1613.214(a)(1)(i) (1995). In fact his letter several weeks earlier, on July 22, 1988, shows that he knew per diem benefits would not be paid. Nothing in the subsequent meeting with Waldstreicher indicates any discriminatory animus that could possibly warrant tolling the deadlines. Cf. Loe v. Heckler, 768 F.2d 409, 418 (D.C.Cir.1985). Although an EEOC regulation required the Department to reject a complaint that it deemed untimely, 29 C.F.R. § 1613.215(a)(4) (1995), the fact that the fact that the Department chose to investigate the problem itself in 1988 and 1989 does not preclude it from raising the timeliness defense here. The Department did not delay in raising the defense before the district court, and Stallworth has not been prejudiced by the agency's decision to investigate the merits of his complaint. Cf. Brown v. Marsh, 777 F.2d 8, 15 (D.C.Cir.1985).
 
 
 7
 Stallworth concedes that he never filed a complaint for so-called "retaliation" in 1990 and 1991, when, he alleges, the Department improperly computed his workmen's compensation benefits. Even if an unexhausted retaliation claim could be bootstrapped onto an untimely underlying claim, but see, e.g., Jones v. Runyon, 91 F.3d 1398, 1402 (10th Cir.1996), at "a minimum," the claim of retaliation for filing a discrimination claim "must arise from the administrative investigation that can reasonably be expected to follow the" underlying "charge of discrimination," Park v. Howard Univ., 71 F.3d 904, 907 (D.C.Cir.1995) (quotation omitted). Stallworth's "retaliation" claim involved completely different persons and events from his underlying claims. It therefore constituted, at best, an allegation of separate discrimination requiring separate exhaustion.
 
 
 8
 ORDERED AND ADJUDGED, by the court, that the district court order is affirmed.
 
 
 9
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.CIR.R. 41.