**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 7 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LEE R. PHILLIPS,

        Plaintiff-Appellant,

v.

SHEILA E. WIDNALL, Secretary of
United States Air Force; F. WHITTEN
PETERS, Acting Secretary,
Department of the Air Force; and
DEPARTMENT OF THE AIR
FORCE,

        Defendants-Appellees.

No. 99-2203
(D.C. No. CIV-94-1044-M)
(D. N.M.)
(79 F. Supp. 2d 1265)

**ORDER AND JUDGMENT** *

Before **KELLY** , **HENRY** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Lee Phillips appeals pro se the district court's decision dismissing her complaint alleging defendants violated her rights under 29 U.S.C. § 791 of the Rehabilitation Act, and under Title VII, 42 U.S.C. §§ 2000e through 2000e-17. The district court ruled it lacked jurisdiction because plaintiff failed to exhaust her administrative remedies. We exercise our jurisdiction under 28 U.S.C. § 1291 and affirm.

"We review de novo the district court's dismissal of an action for lack of subject matter jurisdiction." *Jones v. Runyon*, 91 F.3d 1398, 1399-1400 (10th Cir. 1996). Exhaustion of administrative remedies is a jurisdictional prerequisite to filing a Title VII or Rehabilitation Act complaint in federal court. *See id*. at 1399; *Woodman v. Runyon*, 132 F.3d 1330, 1341 (10th Cir. 1997).

Under the applicable regulations, a federal employee who claims to have been discriminated against must first seek counseling with her federal employer's EEO agency to try to resolve the matter informally. *See* 29 C.F.R. § 1614.105(a). If the matter has not been resolved, the employee must then file a complaint with the employer's EEO agency. *See* 29 C.F.R. § 1614.106. The federal employee may file suit in federal district court after waiting 180 days for the EEO agency to issue a final decision or within ninety days of receipt of the EEO's agency's final

action.  *See* 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.408;    *Knopp v. Magaw* ,

9 F.3d 1478, 1479 (10th Cir. 1993).  If the employee has appealed an EEO

decision to the Equal Employment Opportunity Commission (EEOC), the

employee may file a civil action within ninety days of receipt of the EEOC's final

decision, or after waiting 180 days for the EEOC to issue a final decision.    *See*

§ 1614.408.

In this case, the district court found that all but one of the complaints

plaintiff filed with defendants' EEO agency "either (a) were filed in court before

the complaint had been with the agency or the EEOC at least 180 days, or

(b) were not filed with a court within 90 days of an agency or EEOC final action

on the complaint."    *Phillips v. Widnall* , 79 F. Supp. 2d 1265, 1270 (D.N.M. 1999).

Thus, the district court ruled plaintiff had not exhausted her administrative

remedies as to these claims and dismissed them for lack of jurisdiction.  Plaintiff

appeals this order.  The district court subsequently entered summary judgment

dismissing her one exhausted claim, but plaintiff does not assert any error with

respect to that dismissal.

We have reviewed the district court's grant of summary judgment    *de novo* ,

applying the same standard used by the district court under Fed. R. Civ. P. 56(c).

*See Novell, Inc. v. Federal Ins. Co.* , 141 F.3d 983, 985 (10th Cir.1998).  We have

liberally construed plaintiff's pro se pleadings.    *See  Haines v. Kerner* , 404 U.S.

519, 520 (1972). Based on our review of the record, we discern no error in the district court's judgment. We agree with the district court's conclusion that plaintiff failed to exhaust her administrative remedies as to all of the claims challenged on appeal. Plaintiff therefore deprived the district court of subject matter jurisdiction to hear her claims. *See Jones*, 91 F.3d at 1399 & n.1.

Accordingly, the judgment of the United States District Court for the District of New Mexico is AFFIRMED for substantially the reasons stated by the district court in its order of April 5, 1999. *See Phillips*, 79 F. Supp. 2d 1265.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge