**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 27 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LINDA BEENE,

        Plaintiff-Appellant,

v.

LAWRENCE J. DELANEY, Acting
Secretary of the Air Force,

        Defendant-Appellee.

No. 02-6020
(D.C. No. 01-CV-1114-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **O'BRIEN** and **PORFILIO**, Circuit Judges, and **KANE**,** Senior District Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*     The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

Plaintiff-appellant Linda Beene appeals from the district court's order dismissing without prejudice her discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e through 2000e-17.[1] The district court dismissed plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1), concluding that it lacked subject matter jurisdiction over the claims because plaintiff failed to exhaust her administrative remedies by contacting an Equal Employment Opportunity (EEO) counselor within forty-five days of the alleged act of discrimination, as required by 29 C.F.R. § 1614.105(a)(1). However, because compliance with the forty-five day time limit in § 1614.105(a)(1) is not a jurisdictional requirement for filing suit under Title VII, the district court erred in dismissing plaintiff's claims under Rule 12(b)(1). Nonetheless, we agree with the district court that the undisputed facts show that plaintiff failed to exhaust her administrative remedies under § 1614.105(a)(1) in a timely manner. Thus, we conclude that defendant was entitled to summary judgment under Rule 56, and we affirm the dismissal of plaintiff's Title VII claims on that basis. *See MacArthur v. San Juan County*, 309 F.3d 1216, 1227 (10th Cir. 2002) (holding that, even if district court does not conduct a proper analysis in dismissing a claim, "we are nonetheless free to affirm the district court's dismissal on any grounds for which

---

[1] Although plaintiff asserted claims in addition to her Title VII claims in her complaint, the district court only addressed plaintiff's Title VII claims, and plaintiff has abandoned her other claims on appeal.

there is a record sufficient to permit conclusions of law, provided the litigants have had a fair opportunity to develop the record").

I.

Based on the record before this court, the following facts are either undisputed or are as alleged by plaintiff.

In 1998, plaintiff was employed by the United States Air Force as a GS-2005-07 Supply Technician in the Depot Supply Division at Tinker AFB. In late summer 1998, the Air Force reorganized the Depot Supply Division. As part of the reorganization, the Air Force advertised for promotion fifty-seven new GS-2010–09 Inventory Management Specialist positions, and all of the positions were to be filled by promoting present Air Force employees.

To select qualified candidates for the new positions, the Tinker AFB Civilian Personnel Office (CPO) prepared a certificate of employees eligible for the promotions based on employee skill codes, position series experience, and appraisal scores. The CPO then presented the certificate of eligible employees, which contained the names of sixty-seven present employees who were selected as qualified for the promotions, to John C. Wilkey, the Acting Chief of the Depot Supply Division, and the new positions were subsequently filled by selecting fifty-seven individuals from the list of sixty-seven certified employees. However, after four of the certified employees declined promotion, the list of certified

employees was expanded to seventy-one employees. Because she was ranked on the promotion certificate in the eighty-second position, plaintiff was not certified as being eligible for one of the new positions, and she was therefore not selected for one of the promotions.

On October 19, 1998, plaintiff met with John Wilkey to discuss whether she had a chance of being selected for a promotion to one of the new positions. The record before this court does not contain sufficient information to determine the precise status of the selection process as of October 19, 1998, but plaintiff claims the actual selections were not made until after October 19, 1998, and defendant does not dispute plaintiff's claim. According to plaintiff, during the meeting on October 19, 1998, Mr. Wilkey told her "that [her] position on the profile was too low for him to 'reach' [her]." Aplt. App. at 25, 38.

Plaintiff claims she was not selected for a promotion to one of the new positions because of her sex, age, and a disability, and as retaliation for her having filed a prior EEO complaint. Plaintiff initially contacted an EEO office to complain about defendant's conduct on January 6, 7, or 8, 1999, and she met with an EEO counselor on January 12, 1999.

II.

Defendant moved to dismiss plaintiff's Title VII claims pursuant to Rule 12(b)(1), arguing: (1) that plaintiff learned she was not going to be promoted, and that she had therefore allegedly been discriminated against, during the meeting with Mr. Wilkey on October 19, 1998; and (2) that the district court lacked subject matter jurisdiction over plaintiff's Title VII claims because she failed to exhaust her administrative remedies by contacting an EEO counselor within forty-five days of the alleged act of discrimination, as required by 29 C.F.R. § 1614.105(a)(1). In support of his motion, defendant submitted copies of two reports from the EEO counselor, a copy of plaintiff's administrative complaint, and sworn declarations from Mr. Wilkey and Anthony Black, a Personnel Staffing Specialist at Tinker AFB.

In response to defendant's motion to dismiss, plaintiff argued that the district court was required to treat the motion as a motion for summary judgment under Rule 56 because defendant was challenging the facts upon which the court's subject matter jurisdiction was based, and because the facts underlying the jurisdictional issue were intertwined with the merits of her substantive claims. The district court agreed with plaintiff's assertions in part, concluding that it could consider the evidentiary materials submitted by defendant under Rule

12(b)(1), but that it was not necessary to convert the motion into a motion for summary judgment.

Plaintiff also claimed that the timeliness of her contact with the EEO counselor was a disputed question of fact, and that it would be inappropriate for the district court to resolve the disputed factual question without permitting her to conduct discovery. In particular, plaintiff claimed that discovery could reveal that the number of eligible employees for the new positions was increased after October 1998. Plaintiff further claimed that discovery could reveal that the effective date of the promotions of the employees selected for the new positions occurred after October 1998. Assuming that discovery would reveal this information, plaintiff claimed that her position on the promotion certificate in October 1998 did not automatically foreclose her from being selected for one of the promotions, and that, as a result, her discrimination claim did not accrue at that time. Alternatively, plaintiff claimed that, under § 1614.105(a)(1), the forty-five day time period did not begin to run until the effective date of the promotions. Plaintiff's counsel also submitted an affidavit to the district court under Rule 56(f), listing the matters he claimed needed to be pursued in discovery.

III.

Under § 1614.105(a)(1), an aggrieved federal employee "must initiate contact with a [EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). In its order of dismissal, the district court found that, "[b]ased on the evidentiary materials submitted by the parties, Plaintiff was aware in October of 1998 that she was not eligible for promotion." Aplee. Supp. App. at 4. The court based this finding on plaintiff's admission that Mr. Wilkey told her at the meeting in October 1998 "that [her] position on the profile was too low for him to 'reach' [her]." *Id.* (quotation omitted). Thus, the district court found that both the alleged discriminatory act and the effective date of the personnel action accrued in October 1998, and that plaintiff was therefore required to contact an EEO counselor no later than December 15, 1998, which she failed to do. The district court also rejected plaintiff's request for discovery because "the evidentiary materials submitted by Defendant make clear that a single certificate was issued and that Plaintiff did not appear on that certificate, rendering her ineligible for promotion." *Id.* at 5.

Although we agree with most of the district court's analysis, we recently confirmed that compliance with the forty-five day time limit in § 1614.105(a)(1)

is not a jurisdictional requirement for filing suit under Title VII. *See Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324-26 (10th Cir. 2002) (citing *Jones v. Runyon*, 91 F.3d 1398, 1399 n.1 (10th Cir. 1996)). As a result, the district court should have analyzed defendant's motion to dismiss under Rule 12(b)(6), instead of under Rule 12(b)(1). And, because evidentiary matters outside of plaintiff's complaint were presented to the district court, the court should have treated defendant's motion as a motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(b).

Nonetheless, we agree with the district court that, based on the undisputed evidence in the record, the forty-five day time period in § 1614.105(a)(1) began to run in October 1998 when Mr. Wilkey told plaintiff she was not eligible for one of the promotions. And since plaintiff does not dispute that she then waited until January 1999 to contact an EEO counselor, we also agree with the district court that plaintiff's contact with the EEO counselor occurred after the expiration of the forty-five day time period, and that plaintiff thereby failed to exhaust her administrative remedies in a timely manner. [2] Accordingly, we hold that defendant was entitled to summary judgment under Rule 56.

---

[2] While the forty-five day time period may be tolled under § 1614.105(a)(2) in certain circumstances, *see Sizova*, 282 F.3d at 1325, plaintiff has not put forth any specific grounds for tolling in her district court or appellate briefs. Thus, we reject her conclusory argument that the district court should have permitted a factual record to be developed on what she refers to as the "waiver" issue.

We also agree with the district court that plaintiff was not entitled to engage in discovery to see if she could find additional material facts regarding the promotion selection process. Although plaintiff's counsel's Rule 56(f) affidavit listed a number of matters to pursue in discovery, the affidavit was insufficient to establish a need for discovery. First, none of the issues raised by plaintiff's counsel could alter the undisputed fact that plaintiff was told in October 1998 that she was not eligible for one of the promotions. Second, there is no evidence in the record to support plaintiff's allegation that she may have become eligible for one of the promotions at some point after October 1998. Instead, the undisputed evidence submitted by defendant establishes that the list of qualified employees was never expanded to reach the rank held by plaintiff on the promotion certificate. As a result, the district court did not abuse its discretion in denying plaintiff's request for discovery.

Finally, plaintiff contends that the discovery issue in this case is controlled by our decision in *Sizova*. In *Sizova*, we held that, under Rule 12(b)(1), a district court's "refusal to grant discovery is an abuse of discretion if the denial results in prejudice to a litigant." *Sizova*, 282 F.3d at 1326. We also held that "[p]rejudice is present where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary." *Id.* (quotation omitted). Even if the discovery issue in this case is analyzed under

*Sizova*, the district court acted properly in refusing to grant discovery since the pertinent facts bearing on the application of § 1614.105(a)(1) are not controverted and there is no need for further factual development.

Moreover, the situation in *Sizova* is distinguishable from the situation here. In *Sizova*, there were disputed issues of fact concerning: (1) whether the plaintiff had actual notice of the forty-five day time period in § 1614.105(a)(1); and (2) whether the EEO counselor had properly advised the plaintiff of her rights and responsibilities with respect to her discrimination claim. *See Sizova*, 282 F.3d at 1327-28. Here, by contrast, plaintiff has not raised any factual issues regarding actual notice of the forty-five day time period or her contact with the EEO counselor.

We AFFIRM the dismissal of plaintiff's complaint.

Entered for the Court

Terrence L. O'Brien
Circuit Judge